1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LAMONT A. HOUZE, II,

11               Petitioner,              No. CIV S-11-1549 GEB GGH P
           vs.

12

13   STATE OF CALIFORNIA,

14               Respondent.             FINDINGS & RECOMMENDATIONS

15   _____/

16   I.  Introduction

17               Petitioner is a former state prisoner proceeding pro se with a petition for writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner was found guilty by a jury of felony

19   stalking and was sentenced to two years in prison, and has since been released.[1]

20               Petitioner raises four claims in the instant petition: 1) the stalking conviction

21   should have been a misdemeanor; 2) inconsistent witness testimony; 3) petitioner did not commit

22   a malicious act to support a stalking finding; and 4) petitioner never made a threat to support a

23   stalking finding.

24   \\\\\

25   _____

26        [1] Petitioner represented himself at trial.

1

II.  Background

Petitioner filed this instant action on June 9, 2011, and the case was transferred to the undersigned on June 20, 2011.  Four days later on June 24, 2011, the undersigned ordered respondent to file a response to the petition.  An answer was timely filed and petitioner filed his second reply on September 1, 2011, thus the case was fully briefed.  Two months later petitioner filed a notice to the court requesting that the case be reviewed in a reasonable time.  In December 2011, petitioner filed a writ of mandamus with the Ninth Circuit stating his unhappiness that this court had not yet ruled on his petition.  The Ninth Circuit issued an order on January 11, 2012, that petitioner's writ of mandamus be denied without prejudice to the filing of a new petition if this district court had not ruled on the pending habeas corpus within 90 days.  Doc. 20.

However, petitioner has presented both exhausted and unexhausted claims.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

Claims one and three were not raised on direct appeal with the California Court of Appeal.  Lodged Document (Lod. Doc.) 1.  Petitioner raised these claims for the first time on his pro se direct appeal to the California Supreme Court which exercised its discretion and did not review the petition.  Lod. Docs. 7, 8.  California Rules of Court, Rule 8.500(b) (review of appellate decision discretionary).  Importantly, the California Supreme Court will ordinarily not consider on direct review claims that were not timely presented to the California Court of Appeal.  California Rules of Court, Rule 8.500(c)(1).  As a result, these claims were not reviewed on the merits on direct review by the California Supreme Court.

Petitioner also raised these claims on habeas review to the Sacramento County Superior Court and the California Court of Appeal.  Lod. Docs. 9, 11.  However, petitioner never raised the claims on habeas review with the California Supreme Court, as petitioner never filed a

1    habeas petition in the California Supreme Court.  As the California Supreme Court has never had

2    a fair opportunity to review the merits of this claim, the claim is unexhausted.  See Castille v.

3    Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060 (1989) (claims are not fairly presented if they

4    are raised in a procedural context in which the merits will not be considered absent special

5    circumstances); Casey v. Moore, 386 F.3d 896, 916-18 (9th Cir. 2004) (holding that a state

6    prisoner had not exhausted his claims by presenting them for the first and only time in a petition

7    for discretionary review with the state's highest court, i.e., in a context in which the merits would

8    not be reviewed).[2]

9           Claim two was only raised on habeas review to the Sacramento County Superior

10   Court and the California Court of Appeal.  Lod. Docs. 9, 11.  However, petitioner never raised

11   this claim in the California Supreme Court.  Claim four was properly exhausted.

12          The United States Supreme Court has held that a federal district court may not

13   entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with

14   respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982).

15   Where some claims are exhausted and others are not (i.e., a "mixed" petition), the court must

16   dismiss the petition without prejudice.  Rose, 455 U.S. at 510, 521–22.

17          Generally, a court may stay a petition and hold it in abeyance pursuant to either

18   Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), or Rhines v. Weber, 544 U.S. 269, 125 S.Ct.

19   1528, 161 L.Ed.2d 440 (1995).  See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

20   However, petitioner has not requested a stay in his opposition, nor has he demonstrated good

21   cause for a Rhines stay.  Therefore, this court rules on the pending habeas petition that it should

22   _____

23          [2]Casey continued with analyzing the petition under a procedural default rubric in that the
     state involved (Washington) had a definitive statute of limitations for filing collateral review.
24   California has no such definitive filing time for the filing of habeas petitions, and if procedural
     default is to be entertained for the late filing of habeas petition, it must first be established by the
25   holdings of the California state courts, i.e., the California state courts are not bound to find
     procedural default on a timeliness basis as exceptions to filing within a "reasonable time" need to
26   be analyzed by the state courts.

be dismissed without prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that the pending habeas petition should be dismissed without prejudice.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 26, 2012

    /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ggh: ab
houz1549.ord